IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John H. Hammond, #172452, | ) | C/A No.: 1:15-4808-PMD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Doe, Kirkland's Unknown Doctor; | ) | REPORT AND RECOMMENDATION |
| Nurse Williams, Kirkland's Nurse; John | ) | |
| or Jane Doe, Kirkland's Commissary | ) | |
| Manager;  Mr. Beckett, Kirkland's | ) | |
| Lieutenant; and Mr. Byrne, Kershaw's | ) | |
| Doctor, Kershaw Correctional | ) | |
| Institution, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

John H. Hammond ("Plaintiff"), proceeding pro se, is an inmate incarcerated at the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). He filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights during his incarceration at the Kirkland Reception and Evaluation Center ("Kirkland R&E") and KCI. Plaintiff sues KCI Doctor Byrne ("Byrne") and the following Kirkland R&E employees: Doctor John Doe, Commissary Manager Jane or John Doe, Nurse Williams ("Williams"), and Lieutenant Beckett (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For

the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

## I.     Factual and Procedural Background

Plaintiff alleges on June 12, 2014, while walking quickly to get out of the rain, he fell on a "grease-like spot" and bumped the back of his head on the concrete sidewalk. [ECF No. 1 at 4–5]. Plaintiff claims two inmates helped him up while officers stood at the door and watched. *Id.* at 5. Plaintiff states he was sent to medical the next day and Williams examined his head and then ordered x-rays. *Id.* at 6. Plaintiff alleges he was prescribed pain medication for his fall injuries and cream for his skin condition without being given a diagnosis for these conditions. *Id.* at 6–7. Plaintiff states he was charged for a steroid shot by Kirkland R&E on June 13, 2014, but KCI's medical staff has not administered the shot. *Id.* at 7. Plaintiff alleges KCI's medical staff ordered ibuprofen and meloxicam for his pain with the knowledge this medication would be less effective. *Id.*

Plaintiff claims when he arrived at Kirkland R&E on April 5, 2014, he was given old clothes and an old mattress, both containing dead skin. *Id.* at 7. Plaintiff alleges he slept on the mattress on his right side and claims two weeks after he received the mattress a rash appeared on the right side of his body. *Id.* at 8. Plaintiff states he signed up for sick call and claims an unknown doctor prescribed cream and ointment for his rash that were ineffective. *Id.* at 9.  Plaintiff alleges he was seen several more times in sick call and Byrne again issued the same medications even though he told them the medicines were ineffective. *Id.* at 9–10.

Plaintiff alleges Defendants took money out of his account "with no intent to assist him in obtaining access to court by processing (and timely providing him with) the financial certificate that is needed for attachment to his Application to Proceed Without Pre-payment Of Fees and Affidavit." *Id.* at 10–11. Plaintiff claims the money was taken "to cause a chilling effect and to make him angry [at a fellow inmate] for bad advice." *Id.* at 11.

Finally, Plaintiff argues Defendants violated his constitutional rights by providing meals that did not meet the daily recommended amounts for protein, potassium, niacin, Omega 3, and vitamin C. *Id.* at 11–12. Plaintiff alleges Defendants also published beef dishes in SCDC menus when the meat in those dishes was made from ground poultry organs. *Id.* at 12. Plaintiff seeks monetary damages, and declaratory and injunctive relief. *Id.* at 12.

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Even though Plaintiff has paid the filing fee in this action, the court possesses the inherent authority to ensure that Plaintiff has standing, federal jurisdiction exists, and the case is not frivolous.[1] *See Ross v. Baron*, 493 F. App'x 405, 406–407 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss

---

[1]  Plaintiff indicates that he is a state prisoner and is therefore subject to the screening provisions of 28 U.S.C. § 1915A.

a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Medical Indifference

Plaintiff complains Defendants improperly treated his head injury and skin condition. [ECF No. 1 at 4–5, 7–9]. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must

4

be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to indicate that his head injury and skin condition constituted a serious medical condition. Further, Plaintiff states he was prescribed pain medication for his head injury and ointment for his skin condition. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. Plaintiff's belief that he should have received additional or different treatment does not constitute deliberate indifference to his serious medical needs. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff's medical indifference claim is subject to summary dismissal.

### 2.    Conditions of Confinement

Plaintiff complains that he received clothing and a mattress that both contained dead skin, and alleges that lying on the mattress caused a rash on the right side of his body.  [ECF No. 1 at 7–9].  "The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*,

511 U.S. 825, 832 (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).

To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U .S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id*. at 847; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Strickler*, 989 F.2d at 1380–81.

Plaintiff has provided no evidence that Defendants actually knew of and disregarded a substantial risk of serious injury to him. *See Coclough v. Major*, C.A. No. 6:07-2900-HMH-WMC, 2008 WL 1744556, at *4–5 (D.S.C. April 10, 2008) (citing *Parrish v. Cleveland*, 372 F.3d 294, 302–303 (4th Cir. 2004)). Plaintiff also claims that sleeping on the mattress caused a rash on his right side. [ECF No. 1 at 7–9]. However, Plaintiff has provided no information beyond his own subjective belief that the rash was

6

caused by his sleeping conditions. Furthermore, he has not alleged that he ever complained to Defendants that his sleeping arrangement was causing him any harm. Accordingly, Plaintiff's condition of confinement claim should be summarily dismissed.

### 3.    Personal Property

Plaintiff asserts that Defendants illegally confiscated his money. [ECF No. 1 at 10–11]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).

Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprives him of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process

7

requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).  Because Plaintiff has an adequate state remedy available to address Defendants' alleged improper confiscation of his money, this claim is subject to summary dismissal.

### 4.    Inadequate Food Complaints

Plaintiff complains that his food was nutritionally inadequate and states that the ingredients on menu items did not match their menu description.  [ECF No. 1 at 11–12]. Prisoners have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotations marks and citation omitted); *see also Farmer*, 511 U.S. at 833. The Constitution does not guarantee, however, food that is prepared and served in a culinarily-pleasing manner. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); *Bedell v. Angelone*, No. 2:01-cv-780, 2003 WL 24054709, *14 (E.D. Va. 2003), *aff'd per curiam*, 87 F. App'x 323 (4th Cir. 2004) ("Being served rotten food is unpleasant and unfortunate; however, it simply does not rise to the level of a constitutional violation because Plaintiff has not shown that it resulted in a serious deprivation or that Defendants were deliberately indifferent.").  Although Plaintiff complains about the quality of the food Kirkland R&E served, Plaintiff has not alleged sufficient facts to show he has suffered serious or significant harm resulting from the diet. *Strickler*, 989 F.2d at 1381 (holding "plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions").

Accordingly, the undersigned recommends Plaintiff's food complaints be summarily dismissed.

5.    Slip and Fall

Plaintiff's allegations related to his injury from a slip and fall shows at most that Defendants were negligent. [ECF No. 1 at 4–5]. However, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. at 335–36 n.3; *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (noting that *Daniels* bars an action under § 1983 for negligent conduct). Thus, Plaintiff's negligence claim is also subject to summary dismissal.

While Plaintiff's negligence claim would be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

December 29, 2015                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).